# United States District Court
# Central District of California

| | |
|---|---|
| THREE POINT CAPITAL LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARK HULME; DOES 1–10, inclusive,<br><br>　　　　　Defendants. | Case № 2:14-cv-06133-ODW(SSx)-** |
| THREE POINT CAPITAL LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE JOBS FILM, LCC; THE FIVE STAR INSTITUTE, LLC; DOES 1–10, inclusive,<br><br>　　　　　Defendants. | Case № 2:14-cv-06137-ODW(SSx)<br><br>**ORDER TO SHOW CAUSE RE. FAILURE TO JOIN NECESSARY PARTIES** |

On August 5, 2014, Plaintiff Three Point Capital, LLC filed suit against Defendants The Jobs Film, LLC and The Five Star Institute, LLC. Three Point Capital alleges that The Jobs Film and The Five Star Institute failed to repay a $2,650,000 in funds that Three Point Capital had loaned them.

On the same day, Three Point Capital filed a separate action in the Central District of California against Mark Hulme. Three Point Capital alleges that Hulme

guaranteed the loan and is thereby also liable for the $2,650,000 past-due amount. The high-number action has since been reassigned before this Court.

Federal Rule of Civil Procedure 19(a) sets forth "necessary" parties, that is, those parties who "must be joined" if they will not deprive the court of subject-matter jurisdiction. A party is necessary if, among others, disposing of the action in that party's absence may "as a practical matter impair or impede the person's ability to protect the interest; or . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). If a necessary party has not been joined, the court "must order that the person be made a party." *Id.* (a)(2).

It is possible that there could be inconsistent findings on liability between the two actions with respect to the $2,650,000 loan, i.e., that could subject a defendant in one action to "inconsistent obligations" vis-à-vis the other action. That would make all defendants "necessary" parties in the other action. Moreover, so long as none of the limited-liability companies have members that are California citizens, Three Point Capital may properly join them in one action. Otherwise, the Court must determine whether The Jobs Film and The Five Star Institute are indispensable parties.

The Court accordingly **ORDERS** Three Point Capital **TO SHOW CAUSE** in writing by Friday, August 22, 2014, why it has not joined The Jobs Film and The Five Star Institute in the *Hulme* action, which is the low-number case. No hearing will be held; Plaintiff shall respond in writing. Alternatively, the Court **GRANTS** Three Point Capital leave to amend its *Hulme* Complaint to name The Jobs Film and The Five Star Institute as defendants in that action. Three Point Capital shall then voluntarily dismiss the high-number action.

/ / /
/ / /
/ / /
/ / /

The Court will discharge this Order upon the timely receipt of a written response or amendment of the *Hulme* Complaint and dismissal of the high-number action. Failure to timely respond will result in dismissal for lack of prosecution.

**IT IS SO ORDERED.**

August 11, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**